UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| ISAIAH MALDONADO, on Behalf of Himself and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> V. <br><br> THE GEO GROUP, INC., <br><br> Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 2:20-cv-1184-GBW-CG |

## JOINT PETITION TO CONFIRM ARBITRATION AWARD

Plaintiff Isaiah Maldonado (Plaintiff), and Defendant The GEO Group, Inc. ("Defendant" or "GEO"), (collectively referred to as the "Parties") through their undersigned attorneys, and in response to this Court's Order to Notify the Court of Status of Arbitration entered on July 19, 2021 [D.E. 15], respectfully move pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 (2000), for confirmation of an arbitration award entered on July 9, 2021 by Peggy Foley Jones, Arbitrator ("Joint Petition") in the matter captioned *Isiah Maldonado, on Behalf of Himself and on Behalf of All Others Similarly Situated v. The GEO Group, Inc.*, Case No. 6:20-cv-01184, and in support thereof, state as follows:

### INTRODUCTION

1. This is a Joint Petition filed pursuant to the FAA to confirm an arbitration award (the "Award").

2. As explained more fully below, the Court should confirm the Award and enter judgment thereon pursuant to Section 9 of the FAA because (1) the Court has jurisdiction to do so, (2) the Petition to Confirm was timely filed, and (3) no grounds exist to deny confirmation of the Award.

## PARTIES

3. Plaintiff is an individual who worked for GEO as a correctional officer at the Lea County Correctional Facility in New Mexico during the class period.

4. The Potential Opt-In Plaintiffs are current and former correctional officers who are similarly situated for purposes of settlement as agreed to by the Parties.

5. GEO is a foreign corporation organized under the laws of Florida who does business in New Mexico.

## JURISDICTION

6. Pursuant to Section 9 of the Federal Arbitration Act, if the parties in their agreement have agreed that a judgment of the court shall be entered upon the arbitration award, a party may apply to the court for an order confirming the arbitration award. *See* 9 U.S.C. § 9. Here, pursuant to the Settlement Agreement, the Parties agreed that they could seek this Court's confirmation of the Arbitrator's Award by filing a Joint Stipulation. As such, the Parties now file this Joint Stipulation seeking an Order confirming the Arbitration Award.

## PROCEDURAL AND FACTUAL BACKGROUND

7. On or about November 13, 2020, Plaintiff filed a Complaint in this Court in the United States District Court of New Mexico against GEO [D.E. 1].

8. In his Complaint, Plaintiff asserted a number of claims including violation of 29 U.S.C. § 207, of the Fair Labor Standards Act ("FLSA")..

9. On or about April 19, 2021, the Parties filed their Joint Motion to Stay Proceedings Pending Arbitration based upon Plaintiff's Arbitration Agreement provided with the Joint Motion [D.E.13].

10. April 22, 2021, the Court granted the Parties' Joint Motion to Stay Proceedings Pending Arbitration [D.E. 14].

11. The Arbitrator appointed to arbitrate Plaintiff's claims is Peggy Foley Jones, Esq who is a former judge.

12. The Parties mediated the matter to a settlement with a skilled mediator, Francis Neuner Esq. who has extensive experience litigating and mediating wage and hour collective and class actions.  On or about June 24, 2021, the Parties entered into a Settlement Agreement (the "Settlement Agreement"). Pursuant to the Settlement Agreement, Plaintiff agreed to the release and dismissal with prejudice of all claims set forth against GEO, in exchange for GEO's paying Plaintiff and Putative Class Members and Plaintiffs' Counsel an agreed-upon sum.

13. The Parties filed a Joint Motion to Approve the Settlement in Arbitration and provided the Arbitrator with the fully executed Settlement Agreement for review. In that Joint Motion, the Parties set forth the law as it pertains to approval of FLSA settlements, along with the facts supporting approval.

14. On July 9, 2021, the Arbitrator held a hearing on the Joint Motion to Approve the Settlement during which she asked counsel many questions regarding the settlement.

15. On July 9, 2021, the Arbitrator entered her Order Approving Fair Labor Standards Collective Action Settlement finding the settlement fair and reasonable.  That Order is attached hereto as Exhibit "A".

## DISCUSSION

16. Section 9 of the FAA sets forth the procedures under which arbitration awards are to be confirmed by the courts. It provides that the court "must grant" a petition to confirm an arbitration award if it is properly brought within one year of the date of the award, unless one of the statutory bases for vacating, modifying, or correcting the award is established and the award is vacated, modified, or corrected. *See* 9 U.S.C. § 9.

17. Section 10 of the FAA sets forth the statutory bases for vacating, modifying, or correcting the award. *See* 9 U.S.C. § 10. In *THI of New Mexico at Vida Encantada, LLC v. Lovato*, the Tenth Circuit addressed Section 10 of the FAA. In confirming the arbitration award, the court noted that "[We] must give *extreme deference* to the determination of the [arbitrator] for the standard of review of arbitral awards is among the narrowest known to law." *THI of New Mexico at Vida Encantada, LLC v. Lovato*, 864 F.3d 1080, 1083 (10th Cir. 2017); *see also Int'l Brotherhood of Electrical Workers, Local 611 v. Pub. Serv. Co. of New Mexico*, 460 F. Supp. 3d 1207, 1208 (D.N.M. 2020) ("… upon judicial review the Court does not necessarily decide whether the Arbitrator's interpretation of the contract was right or wrong, but 'whether the arbitrator (even arguably) interpreted the parties' contract.'").

18. The court identifies four grounds for vacating an arbitration award. *See Lovato*, 864 F.3d at 1084. "The first three grounds encompass various types of 'corruption, fraud, or undue means' and arbitrator misconduct . . . The fourth ground . . . applies 'where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.'" *Id.* Furthermore, the court may vacate an arbitration award where the arbitrator has demonstrated manifest disregard of the law. *Id.* at 1085 ("To warrant setting aside an arbitration award based on manifest disregard of the law, 'the record must show that the arbitrators knew the law and explicitly disregarded it.'").

19. Here, the Award was issued on July 9, 2021 and the Parties filed this petition on July 26, 2021. As such, their request for confirmation of the Award is timely. *See* 9 U.S.C. § 9.

20. Moreover, neither the Parties or the Arbitrator have raised any grounds for vacating, modifying, or correcting the Award under Section 10 of the FAA. The Tenth Circuit has held that a court must give great deference to an Arbitrator's decision, noting limited grounds warranting

vacating an award. *See Lovato*, 864 F.3d at 1083. These grounds exist where there is evidence of corruption, fraud, undue means, as well as where the arbitrator exceeds their powers or demonstrates manifest disregard of the law. *Id.* at 1084-85. Here, because the Parties settled the matter in mediation with an experienced, neutral mediator, and had the settlement scrutinized by the Arbitrator and there is no evidence of corruption, fraud, undue means or that the arbitrator exceeded her powers or demonstrated a manifest disregard of the law, the Court should confirm the Award.

## **CONCLUSION**

21. For all of the foregoing reasons, and in accordance with the FAA, the Court should confirm the Award in its entirety.

Respectfully submitted,

By: /s/
Don J. Foty
dfoty@hftrialfirm.com
Texas Bar N. 24050022
HODGES & FOTY, L.L.P.
4409 Montrose Blvd, Suite 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

Anthony J. Lazzaro
Anthony@lazzarolaw.com
Ohio Bar No. 0077962
THE LAZZARO LAW FIRM, LLC
920 Rockefeller Building
614 W. Superior Avenue
Cleveland, Ohio 44113
Phone: (216) 696-5000
Facsimile: (216) 696-7005

*Attorneys for Plaintiff Isaiah Maldonado
And Class Members*

By: /s/
Thomas M. Dunford
tdunford@cozen.com
Cozen O'Connor
707 17th Street, Suite 3100
Denver, CO 80202
Telephone: (305) 704-5941
Facsimile: (786) 220-0470

*Counsel for Defendant*